COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Oden__  __Derrick__  __Jesus__
       (Last)    (First)     (Middle Initial)

Prisoner Number: __G23306__

Institutional Address: __CSP-Sac__
__P.O. Box 290066__
__Represa, CA. 95671__

FILED
OCT 12 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Derrick Jesus Oden__
(Enter your full name.)

vs.

__C/O E. Santana__
__G. Segura (Sgt)__
__E. Sherman (Lt. W. Commander)__
__Cont.__
(Enter the full name(s) of the defendant(s) in this action.)

Case No. __CV 17  5853  NJV__  __(PR)__
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

I. **Exhaustion of Administrative Remedies.**

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __CSP-Sac P.O. Box 290066, Represa CA. 95671__

B. Is there a grievance procedure in this institution?   YES ■   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ■   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: __No informal levels; *14-01989; *14-2020; *14-2256; *14-02256; *14-02438; *15-01228; *14-03346; #1402438; #TLR-1413173; *14-03199. TLR-J__

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

# DEFENDANTS CONT.

~~Second~~

4.) S. Ponde. (Reviewing Supervisor)
5.) B. Hopkins Lt. (Classifying RVR)
6.) C. Sharps Lt. (CCPOA Rep.)
7.) R. Grounds Warden
8.) R. Binkele (Chief Dispo. Officer)
9.) M. Atchley Capt.
10.) D.C. Asuncion Chief Deputy Warden
11.) C. Barela CCII (Appeals Coordinator)
12.) J. Ruiz Lt. (Appeal Reviewer)
13.) M. Voong 3rd Level Chief Office Of Appeals
14.) S.K. Hemenway 3rd Level Appeals Examiner
15.) R.L. Briggs 3rd Level Chief Office Of Appeals
16.) K. McKelroy (SVSP-Appeals Coordinator)
17.) C. Martella (SVSP-Appeals Coordinator)

2. First formal level: Denial/Cancellation/Denial Of Due Process To File Appeal/Complaint.

3. Second formal level: Denied/Cancellation/Denial Of Due Process To file Appeals/Complaint

4. Third formal level: Cancellation/Denial Of Due Process To File Appeal/Complaint. Note: Currently Being Appealed In State Court

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ■   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why. Appeals/Complaints were submit for Appeal/Complaint however defendants conspired in denying appeals to be addressed on Merits due to intentional Obstructions.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Derrick Jesus Oden # G23306
P.O. Box 290066
Represa, CA. 95671

B. For each defendant, provide full name, official position and place of employment.
1.) C/O E. Santana      (Officer)
2.) G. Segura (Sgt.)
3.) E. Sherman (Lt.)
4.) S. Ponde    (Reviewing RVR Supervisor)
5.) B. Hopkins (Lt)   Classifying RVR
6.) C. Sharps (Lt.)   CCPOA/Rep.
7.) R. Grounds (Warden)

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

# (cont)  PART B. OF II (Parties)

8.) R. Binkele  (Chief Disc. Officer)
9.) M. Atchley  (Capt. of D-facility)
10.) D.C. Asuncion  (Chief Deputy Warden)
11.) C. Barela  (CCII) Appeals Coordinator SVSP.
12.) J. Ruiz  (Lt.) Appeal Hearing Officer.
13.) M. Voong  (3rd. Level Chief Office of Appeals)
14.) S.K. Hemenway  (3rd. Level Appeals Examiner)
15.) R.L. Briggs  (3rd. Level Chief Office of Appeals)
16.) K. McKelroy  (SVSP Appeals Coordinator.)
17.) C. Martella  (SVSP Appeals Coordinator)

Defendants 1. through 12 are employeed at the same prison location of: (also 16 & 17)
Salinas Valley Prison
31625 Highway 101
Soledad CA. 93960.

Defendants 13. through 15 are all 3rd level Appeals Representatives and have same address:
Chief Inmate Appeals
P.O. Box 942883
Sac. CA. 94283-0001

Page 2 (a)

### III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Plaintiff is a Prisoner serving a life sentence for Armed Robbery 3-strikes. Departments Records has Plaintiffs GPA below 4.0 (4th Grade) Plaintiff was in the E.O.P. Program on the date of October 6th, 2013 working in the Institutions Kitchen as first Cook when he allege that D4 C/O E. Santana filed two false RVR for 1) I.E.X. "Indicent Exposure" and 2) Threats of force And Violence Against And Official. The defendant had been harassing Plaintiff each morning when releasing him for work, due to the defendants idea that Plaintiff was having an inappropriate

### IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes. 1) 1,000,000 in total damages. 2) CDCR Records to Reflect the truth as to the matter of 10-6-13 Regarding mal and false charges of Threats and I.E.X.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 10-4-17

Date / Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

# STATEMENT OF CLAIM Cont.

Relationship with the free cook Ms. Abigail R. Romero. The defendant had days prior told Plaintiff to stay away but when Plaintiff asked what he was talking about the defendant just gave a bad look. The free cook Ms. Romero had also told Plaintiff that things are being said about her and I and she believe its coming from the defendant.

    Defendant had let Plaintiff in the kitchen at which time he asked Plaintiff, whats in that bowl and what do you have under your shirt? Plaintiff who's to be searched by Kitchen Officer J. Castillo told c/o Castillo this officer is always harassing me. C/o Castillo told Plaintiff to pay it no mind as he searched the Plaintiff and his belongings as usual when intering the kitchen for work. C/o Santana continue to ask plaintiff what he have in his shirt so he shook out his shirt, raising it and ran his fingers around the band of his boxers shaking them. Plaintiff lower boxers just below waste band but not nearly enough to exspose himself telling the defendant "I have nothing" in an angry voice. Plaintiff then told the defendant if he want to know what I have to ask the Kitchen Officer J. Castillo who's his boss and who's conducting the search. The defendant

Page 3 (a)

didn't like Plaintiffs Response and told him to take it back to his cell. C/O J. Castillo was present, awaiting Plaintiff and was directly next to the Plaintiff the whole time he was in dialog with the defendant so he told Plaintiff, "Don't worry about it, take the day off and we'll try again tomorrow". Plaintiff exit the Kitchen and once in the Pod-Section called the defendant a punk and told him he was going to write him up.

An hour or so later the defendant came to Plaintiffs door on his way home saying "You don't have worry about going to work anymore and you going to the hole". Shortly after defendant Sgt. G. Segura came to Plaintiffs door telling him he's going to the hole for threats and I.E.X. Plaintiff explain to the Sgt. what happen and told him he could ask the Kitchen C/O J. Castillo for he was present the whole time. He said "I don't care what C/O Castillo say". Plaintiff became very sad that he was powerless in defending himself and felt abused, which subsequently triggered his "Severe Depression" and he felt suicidal. Plaintiff was sent to the Mental Crisis Bed rather than the hole. While Plaintiff was in the Mental Crisis Bed the attending doctors felt that Plaintiff should be transfered to The Department of Mental Health, due to the adverse affect the false charges had on Plaintiff, however the doctors did infact clear plaintiff to partake in the RVR

Page 3 (b)

process while in DSH, (Department Of Mental Health) however custody had refuse to give Plaintiff a RVR hearing thus denying him his Due Process to hearing. Defendant R. Binkele circulated a Memo on 3-24-14 stipulating Plaintiff cant be given an RVR hearing.

    Although Kitchen Officer J. Castillo was present during the allege I.E.X. in the dinning hall he wasn't required to file no kind of Report because he was truthful when asked about what actually happen. Plaintiff was charged not only by RVR but also Criminal Incident Reports as District Attorney Referral for prosecution. The following defendants submitted false Criminal Reports with Regards to the alleged false Reports: C/o E. Santana, Sgt. G. Segura, Lt. E. Sherman. Defendant Lt. C. Sharps of CCPOA was made aware via CDCR 2152 form of allege charges and intentionally chose not to question all allegations and those who would have knowledge of the incident which would include C/o J. Castillo who was present during the time of the allege I.E.X. Also the facility Capt. defendant M. Atchley, and defendant facility Lt. E. Sherman played an active part in supressing and/or ignoring Kitchen C/o J. Castillo's involvement or knowledge as to what took place in Regards to the I.E.X. charges and allegations.

Page 3 (C)

Plaintiff was given the two false charges illegally, because the way the charges were prepared is considered "stacking". The Threats RVR was eventually Dismissed in the Interest Of Justice on 4-29-14. The following defendants filed and endorsed the false allegations in the illegal "stacking" formation of these two RVR's: S. Ponde (Reviewing Supervisor) and Lt. B. Hopkins (Classifying RVR), who signed both RVRs on 10-15-13.

Plaintiff arrived back to SVSP from DSH March 2014, at which time he was placed in Ad Seg due to the pending RVRs. Plaintiff became depress at some point on his arrival due to being denied a hearing so he was sent to CTC clinic Mental Crisis Bed. Upon his stay he express to the Psychs how he's falsely charged and can't recieve a hearing and that the Officers/custody was humiliating him by posting that he's a Sex Offender per I.E.X., which is procedure when an inmate has any kind of Exposure charges or history. The doctors/Psychs contact custody and ask why plaintiff is not recieving a hearing. Sooner there after on 4-1-14 a Lt. P. Sullivan arrived to the CTC and gave Plaintiff a hearing on the RVR's. It should be noted that he was in the Mental Health Crisis Bed when provide his hearing which means contrary to the 3-24-14 Memo of defendant R. Binkele (Chief Dispo. Officer) plaintiff could have had a hearing

Page 3 (d)

on the pending RVR's. Also inmates are given hearings in Mental Crisis Bed and DSH regularly. Any time an inmate is capable of understanding the hearing he's deem suitible for hearing according to the "Extraordinary Circumstance Exclusion" from hearings. Per this statute Plaintiff was suitable for hearing one month after going to Mental HCB back in 10-6-13

    Plaintiff further claim that the following defendants intentionally and conspired together, in attempts to "Obstruct, Deny, and Interject Error" into the appeal due process for the purpose of 1.) Protecting defendant c/o E. Santana from being exposed for false sexual charges against the plaintiff 2.) The purpose of taking advantage of plaintiff education and Mental health condition to where he may procedurally and/or Technically make mistakes barring, or cancelling out his appeals so they won't be addressed on the merits;

    Plaintiff Recieved his final copy of his RVR for I.E.X. on or around May 5, 2014. The very next day he complete and forward two different appeals to the appeals office. One appeal was captioned, "Appeal of RVR-13-10-0006 I.E.X."; the final copy of the hearing was attached as Required. "Correction" the second appeal was sent out two days after the

Page 3 (e)

May 6, 2013 RVR appeal. May 8, 2014 the second appeal was sent out to appeals office. This was a Staff Complaint against defendant C/o E. Santana Captioned: "Falsification Of RVR And Deliberate Indifference". This appeal clearly indicates a Staff Complaint, Requesting the Officer be fire. This appeal was given Log No. 14-02020. The defendant C. Barela (Appeals Coordinator) is the person who initially recieved this appeal on 5/9/14. On 5/09/14 he "Cancelled" the appeal Requesting Plaintiff to "Explain how this is not a Duplicate of appeal #14-1989" which was the appeal log No. given to the RVR Appeal. On 5/12/14 Plaintiff submitted a CDCR-22 form explaining to C. Barela the differences between both appeals #14-1989 (RVR Appeal) and #14-02020 (Staff Complaint). He recieved the CDCR-22 form because he replied on 5/13/14 by Returning the form, and again on 7/3/14 stating the appeal was Screened Out as Duplicate to #14-1989. This was done even though Plaintiff distinguished the nature of each appeal. Also C. Barela sent Plaintiff a Cancellation form on 5/15/14 this time alleging the appeal as being Untimely because the incident accured on 10/6/13 and that Plaintiff has 30 days to file. There is not time limit to file a Staff Complaint Per CDCR Policy. (Per CCR)

Page 3 (f)

Through Out going back and worth with the appeals Office defendant C. Barela, C. Martella, and K. McKelroy (All SVSP Appeals Coordinators) begin to Routinely Return and delay plaintiffs appeals by stating One is the duplicate of the Other however never processing niether appeal. The 14-1989 appeal was classified as a complaint against staff, then when it was benificial turn to claim this same appeal is an RVR appeal. Plaintiff wrote more appeals against the appeals office for numerous violations and at lease one of those appeal were viewed as a duplicate to an RVR appeal. This was allege by defendant K. McKelroy on 10/20/14 in a 695 Rejection Log No. SVSP-L-14-04828. The K. McKelroy Response was to a complaint against Appeals Coordinator C. Barela Obstructing appeals process, and falsely and erroneously alleging Plaintiffs two 602 complaints as being duplicates. Defendant C. Martella also cancelled plaintiffs appeal Log No. 14-03199 on July 28, 2014 alleging it's a Duplicate to Log No. 14-3035 appeal. These appeals were not duplicates. October 20, 2014 K. McKelroy allege that all of the following appeals are Duplicate issues and their not: 14-04828, 14-1989, 14-02319, 14-03199 and 14-03035. He claim their RVR Appeals and their not. Initially in the appeals

Page 3 (g)

Office Response of 5/9/14 C. Barela refere to appeal Log No. 14-01989 as being a Duplicate to Appeal Log No. 14-02020 which is a "Staff Complaint."

At some point C. Barela made the indication that the RVR Appeal was missing so Plaintiff was force to Refile his RVR appeal. C. Barela forward burned Copies of the RVR appeal along with a blank 602 complaint form and instructed him to "Refile" his RVR appeal. This on 10-14-14 Plaintiff recieved the missing appeal in the mail. When Plaintiff had initially filed a Complaint on his missing appeal it was stated that, "all legal 602 documents had been Return." (Log No 14-03199) This was untrue because Plaintiff had just recieved them on 10/13/14 from the appeals office which was months later.

Defendant Lt. J. Ruiz was assign an appeal of Plaintiff regarding Plaintiff alleging how he's being denied his right to appeal his RVR and file Staff complaint. This appeal was log No. 14-02256 and was being addressed on the Second level. Plaintiff showed J. Ruiz that the appeals coordinators were being untruthful and showed J. Ruiz a copy of the CDCR-22 form dated 5-12-14 indicating that the appeals were in fact informed of the differences of the

3.(A)

two appeals. The CDCR-22 form also indicate that C. Barela did in fact Recieved the CDCR-22 form timely on 5/13/14 and replied. Also Lt J. Ruiz had a copy of this form attached to the appeal. J. Ruiz still denied this appeal on 7-7-14 clearly Lying by stating on page 2 of his Report that, "the appellant did not explain how the appeal was not a duplicate to Log. #14-01989". Defendant D.A. Asuncion Reviewed the hearing arguments and endorsed/approved the Denied findings. This appeal was also forward to the 3rd level at which time defendants M. Voong, R.L. Briggs and S.K. Hemenway endorsed/approved previous Rulings.

On August 8, 2014 Plaintiff had an appeal Log No. 14-03199. Associate Warden S. Hatton Reviewed the appeal which dealt with being denied Right to appeal RVR. The appeal was of the Cancellation by the appeals office. The appeal was Partially Granted and Plaintiff was given the Right to appeal the RVR at the 3rd Level.

Plaintiff forward his appeal to the 3rd Level. The Chief Inmate Appeals cancelled the appeal Requesting that he contact his counselor and get a "Timeline" on the appeal and Return the appeal. Plaintiff spoke with

3(i)

1. Counselors Collins and Pixley who both
2. Reviewed the 3rd level Request and said it
3. makes no sense. CCI Pixley said to Return
4. the appeal to the appeals office at the prison.
5. Plaintiff did so and the appeals office sent it
6. to Salinas Valley Appeals office and when it
7. came close to the 30 days to Reply to the
8. Cancellation Plaintiff began to wonder where
9. his appeal was. The Lancaster appeals said
10. they didn't have it when Plaintiff Counselor
11. call. Eventually Plaintiff recieved the appeal
12. back from Lancasters appeals office who
13. had claimed Repeatedly over the phone and
14. on CDCR-22 form that they didn't have the
15. appeal. Plaintiff forward the appeal back
16. to the 3rd level appeals as soon as he
17. Recieved the appeal and now the 3rd level
18. appeals Refuse to address appeal claiming
19. Plaintiff exceeded the 30 days. Plaintiff
20. explain how Lancaster had possession of
21. the appeal and had not given it back beyond
22. the time to Return to the 3rd Level however
23. Plaintiff was still denied his appeal. Plaintiff has
24. been Maliciously Classified as haven I.E.X. and
25. he never done this. C/O J. Castillo was interviewed in
26. I.E. Report at which time he told the truth, not
27. lying for E. Santana. C/O J. Castillo had been next to
28. Page 3 (j)

the Plaintiff and if Plaintiff had in fact pulled down his boxers to the extent of exsposing himself, then grab himself and screme to C/O E. Santana such words theres no way C/O J. Castillo wouldn't have witness this and filed a Report. The Sgt. G. Segura spoke with C/O J. Castillo and was aware that C/O J. Castillo was present and right next to Plaintiff from the time Plaintiff intered the kitchen to be searched by him to the time Plaintiff exit the kitchen to Return back to his cell. Also its clear that Plaintiff would not have been allowed to freely Return to his cell, he would have been cuffed and put in the cage which was less then ten steps away from where he was standing. Also the alarm would have been pushed. Plaintiff was ask to freely Return to his cell where his cellie was inside. These false charges has caused officers, staff and inmates to view Plaintiff as a Sex offender and he has this lable on his jacket.

   I Derrick Jesus Oden Declare Under The Penalty of Perjury that this writ is true and correct

Date: 10/4/17
Sign: _____

Page 3(K)